**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.  Case No.:   3:08-cr-407-J-32JRK

CHARLES VARNEDOE
_____/

**ORDER**

This case is before the Court on Defendant Charles Varnedoe's pro se "Motion to Request Remission of Forfeiture Pursuant to Title 18 U.S.C. [§] 983(a)(2)(D) & 983(f)." (Doc. 258) ("Motion"). The United States has moved to dismiss the motion. (Doc. 259). For the reasons stated below, the motion is due to be dismissed.

Defendant was charged with conspiracy to distribute, and conspiracy to possess with intent to distribute, five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 1). Shortly thereafter, the United States filed a Bill of Particulars, pursuant to Fed. R. Crim. P. 32.2(a), identifying $131,930.00 in currency subject to forfeiture. (Doc. 36). The United States alleged that the money represented drug proceeds, and were therefore subject to criminal forfeiture pursuant to 21 U.S.C. § 853. (See Doc. 191).

On November 6, 2009, following a jury trial, a jury returned a verdict of guilty. (Doc. 184). Evidence from the trial showed that when law enforcement officers searched Defendant's home, they discovered $131,930.00 in currency in a floor safe, contained in plastic bags and wrapped in dryer sheets. Following the verdict, the

1

Court asked Defendant if he wished to have the forfeiture issue tried before the jury as well. (See Doc. 231 at 68-77). Defendant consulted with his attorneys (see id. at 71), and after doing so decided to waive a trial on the forfeiture issue. The Court conducted a colloquy, in which it advised Defendant that he had the right to try the forfeiture issue before the jury, but that if he waived the right to forfeiture proceedings, the government would be entitled to forfeit the money, and that Defendant would forever give up any claim to the assets. (Id. at 71-76). The Court ensured that Defendant was of sound mind, that he understood his choices, that he had discussed the issue with his attorneys, and that it was his own free choice to waive forfeiture proceedings. (Id. at 74-75). Defendant affirmed that he understood his choices, that he freely waived his right to a jury determination on forfeiture, and that he would allow the government to forfeit the money. (Id. at 74-76). Accordingly, the Court found that Defendant gave up any claim to the $131,930.00, and Defendant agreed with that finding. (Id. at 77). Thus, upon entering judgment, the Court ordered the forfeiture of the $131,930.00 (Doc. 213), and following a notice period as required by 21 U.S.C. § 853(n), entered a final judgment of forfeiture. (Doc. 240).

Defendant now seeks to vacate the order of forfeiture through 18 U.S.C. §§ 983(a)(2)(D) and 983(f). (Doc. 258). Section 983(a)(2)(D) allows a person claiming property that was seized in a non-judicial civil forfeiture proceeding to file a claim without using any particular form. Section 983(f) permits the release of such property under certain conditions, see § 983(f)(1), but not if the seized property "is contraband, currency, or other monetary instrument, or electronic funds unless such currency…

2

constitutes the assets of a legitimate business which has been seized," § 983(f)(8)(A) (emphasis added). In the motion, Defendant claims that the $131,930.00 were proceeds of a legitimate trucking and automobile racing business. (Doc. 258 at 2 ¶ 7). Thus, it appears that Defendant argues he is entitled to remission of the funds under the savings clause of § 983(f)(8)(A). Defendant also seems to argue that law enforcement only obtained the money by conducting an unlawful search and seizure, and that he is entitled to remission because his attorneys advised Defendant that he would only temporarily be forfeiting the money. (Doc. 258 at 3 ¶¶ 9-11, 13).

Defendant's motion is due to be dismissed. First, 18 U.S.C. § 983, titled "General Rules for Civil Forfeiture Proceedings," provides Defendant with no right to vacate the final order of forfeiture. The Court ordered forfeiture of the money pursuant to the criminal forfeiture statute, 21 U.S.C. § 853, so the rules of civil forfeiture are inapplicable. As the United States points out, the Court does not have statutory authority to grant the relief that Defendant seeks. (See Doc. 259 at 1-2).

To the extent Defendant claims the money was seized as the result of an unlawful search and seizure, the Court could construe it as a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). That rule provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Under that framework, however, the motion is due to be denied because there has been no finding that an unlawful search or seizure occurred. Motions to suppress have already been exhaustively litigated in this case (see, e.g., Docs. 65, 66, 124, 129,

3

141, 148), the Court found no unlawful search or seizure of Defendant's residence (see Doc. 148), and Defendant did not appeal the Court's rulings on the motions to suppress. The Court will not entertain further efforts to litigate search-and-seizure issues in a motion that collaterally attacks a forfeiture order. Cf. Stone v. Powell, 428 U.S. 465 (1976) (holding that Fourth Amendment challenges are not cognizable on habeas review). All search and seizure issues in this case are well settled by now, and as such, Defendant's motion, construed as a motion for the return of property under Fed. R. Crim. P. 41(g), is due to be denied.

Even if the Court found a cognizable framework for Defendant's motion, it should still be denied because the record demonstrates that Defendant knowingly and voluntarily waived any claim to the money. (See Doc. 231 at 68-77). The record specifically refutes Defendant's contention that he only forfeited the money because his attorneys advised him that it would only be temporary. The Court told Defendant that if he gave up the money, he gave up any claim to it permanently, and Defendant understood:

> THE COURT: Do you understand that if I allow you to waive your right to these forfeiture proceedings, then the government will be entitled to forfeit this money and you will have given up any claim to it forever?
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> \*\*\*
>
> THE COURT: And do you understand that that decision by you is a final decision that you're making, and that it

4

>   cannot be changed no matter what happens in the rest of your case?

THE DEFENDANT:     Yes, sir.

(Doc. 231 at 75-76). Thus, Defendant knowingly waived any claim to the $131,930.00 forever.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Charles Varnedoe's Motion (Doc. 258) is **DISMISSED** to the extent he seeks vacatur of the forfeiture order under 18 U.S.C. §§ 983(a)(2)(D) and 983(f).

2. Defendant's Motion is **DENIED** to the extent it is construed as a motion for the return of property pursuant to Fed. R. Crim. P. 41(g).

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of April, 2016.

*[Signature]*
TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
Pro se defendant